**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| ALEXANDER LEDVINA, | ) |
| | ) |
|     Petitioner, | ) |
| | )     No. 2:25-cv-02097-TLP-cgc |
| v. | ) |
| | ) |
| WARDEN C. HARRISON, | ) |
| | ) |
|     Respondent. | ) |

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO SUPPLEMENT
PLEADING, DENYING MOTION TO EXPEDITE RULING AS MOOT, GRANTING
RESPONDENT'S MOTION TO DISMISS,
DISMISSING § 2241 PETITION WITHOUT PREJUDICE,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Alexander Ledvina[1] petitioned pro se for habeas corpus relief under 28 U.S.C.

§ 2241.  (ECF No. 2.)  Respondent moved to dismiss the § 2241 Petition (ECF No. 13.)  In short,

Petitioner claims that the Federal Bureau of Prisons ("BOP") is not giving him enough time

credits on his sentence.  He argues that he rightfully should be earning five more First Step Act

("FSA") time credits based on his second Prisoner Assessment Tool Targeting Estimated Risk

and Needs ("PATTERN") assessment.  (ECF No. 2 at PageID 2–5.)  But Respondent counters

that the petition should be dismissed because Petitioner has not exhausted his administrative

remedies and is not eligible for additional FSA time credits.  (ECF No.13 at PageID 62; *see* ECF

No. 13-1.)  For the reasons stated below, the Court **GRANTS** Petitioner's Motion for Leave to

---

[1] According to the Federal Bureau of Prisons Inmate locator, the Petitioner's complete name is
Alexander Wesley Ledvina.  BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last
accessed March 13, 2026).  His register number is 63885-510.

Supplement Pleading (ECF No. 16)**, DENIES** as moot the Motion to Expedite Ruling (ECF No. 29)**, GRANTS** the Motion to Dismiss, and **DENIES** and **DISMISSES** the § 2241 Petition without prejudice.

## BACKGROUND

The Grand Jury for the Northern District of Iowa returned an indictment charging Petitioner with one count of possession of a firearm by a drug user (Count One), and one count of making a false statement during the purchase of a firearm (Count Two).  (*United States v. Ledvina*, No. 1:23-cr-00036-CJW-MAR, ECF No. 33 (N.D. Iowa).)  A jury found Petitioner guilty on both counts.  (*Id.*, ECF No. 88.)  On June 28, 2024, the trial court sentenced Petitioner to imprisonment for 51 months on each count, to be served concurrently, followed by 3-years of supervised release.  (*Id*. at PageID 2–3.)

On direct appeal, the Eighth Circuit vacated the conviction on Count One.  It remanded the case to the district court to resolve the Second Amendment as-applied challenge.  And it affirmed the district court's judgment on all other issues.  *United States v. Ledvina*, 166 F.4th 716, 717 (8th Cir. 2026).  The case is still pending in the United States District Court for the Northern District of Iowa.

On January 29, 2025, Petitioner petitioned here.  (ECF No. 2.)  Petitioner alleges that the BOP has wrongfully denied him five more days of First Step Act ("FSA") earned time credits.  (ECF No. 2 at PageID 3.)  Petitioner asserts that the BOP's determination that his convictions under §§ 922(g) and 924(a)(1)(A) are "violent offenses" for calculating his PATTERN score violates the Administrative Procedure Act ("APA").  (*Id*. at PageID 3–5.)  Petitioner argues that, after *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), this Court must determine whether

2

Petitioner's convicted offenses are "violent offenses."  (ECF No. 9-1 at PageID 41–47.)

Petitioner contends that they are not.  (*Id.*)

Respondent then moved to dismiss the § 2241 Petition under Federal Rule of Civil

Procedure 12(b)(6).[2]  (ECF No. 13.)  Respondent's Motion is supported by the Declaration of

James Blundell, an attorney for the BOP with access to Petitioner's official records, including his

SENTRY Report, which is also attached.[3]  (ECF Nos. 13-1, 13-7 at PageID 77–82, 91–94.)  As

of May 5, 2025, the BOP calculates that Petitioner has ninety days of time credits, while

Petitioner argues that he is should have one hundred and five days.  (*Compare* (ECF No. 13-6 at

PageID 89 *with* ECF No. 19 at PageID 134.)

Respondent argues that the Court should dismiss the § 2241 Petition because Petitioner

failed to exhaust his administrative remedies with the BOP.  (ECF No. 13 at PageID 65–69.)  Or

Respondent argues that the Court should deny the § 2241 Petition on the merits because the BOP

has correctly applied Petitioner's FSA earned time credits.  (*Id*. at PageID 69–76.)

## I.    Motion for Leave to Supplement Pleadings

Petitioner seeks leave to supplement his § 2241 Petition with a second PATTERN

assessment in which he alleges that the BOP incorrectly calculated his credits for the same

reasons alleged in his § 2241 Petition.  (*See* ECF Nos. 16, 16-1.)  Petitioner argues that, had the

BOP correctly dropped the classification of his charges as "violent offenses," his second

PATTERN assessment would have changed his classification to "low recidivism."  (ECF No. 16-

---

[2] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts
("Habeas Rules") permit a respondent to respond, including a motion to dismiss, to a petition for
writ of habeas corpus under 28 U.S.C. § 2254.  The Habeas Rules may apply to § 2241 petitions.
*See* Habeas Rule 1(b).

[3] According to Blundell's declaration, SENTRY is "a computer database that contains inmates'
personal data, administrative remedy history, sentence computation, disciplinary history, housing
assignments, and other pertinent information."  (ECF No. 13-1 at PageID 77.)

1 at PageID 106–107.)  As a result, Petitioner contends that he should have earned fifteen days of

FSA credits for every thirty days of programming starting February 8, 2025.  (*Id.* at PageID 107.)

Respondent does not object to allowing Petitioner to supplement his argument but still relies on

the exhaustion and merits arguments in his Motion to Dismiss.  (ECF No. 18 at PageID 112.)

The Court **GRANTS** Petitioner's Motion for Leave to Supplement Pleadings.  (ECF No. 16.)

### LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim for

"failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to

dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a motion to

dismiss under this rule, courts accept all well-pleaded allegations as true and construe the record

in the light most favorable to the non-moving party.  *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*,

732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when

considering a motion to dismiss under Rule 12(b)(6).  *Mediacom Se. LLC v. BellSouth

Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).  If a court considers material

outside the pleadings, it must convert the motion to dismiss into a motion for summary judgment

under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable

opportunity to present all material pertinent to the motion."  *Rondigo, L.L.C. v. Twp. of

Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).  A court may, however, consider exhibits attached

to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred

to in the complaint and are central to the claims contained therein," without converting the

4

motion to one for summary judgment.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

### I.    Administrative Remedies

Respondent argues that the Court should require Petitioner to exhaust his administrative remedies and dismiss the § 2241 Petition for failure to exhaust.  (ECF No. 13 at PageID 61.) Although § 2241 does not contain an express statutory exhaustion requirement, federal inmates must generally exhaust all administrative remedies available before filing a § 2241 petition. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) ("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted.").

The BOP established a four-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, regional, and Central Office (national) levels.[4] *See* 28 C.F.R. § 542.10, *et seq.*  "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."  *Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) (internal quotation marks and citation omitted).  A prisoner's failure to exhaust available administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the

---

[4] Under the BOP's tiered process, an inmate must first try to resolve his matter of concern informally with prison staff.  28 C.F.R. § 542.13(a).  If informal resolution fails, the inmate may then file a formal written Administrative Remedy Request with the facility's warden within 20 days of the incident.  28 C.F.R. § 542.14(a).   If the inmate is dissatisfied with the warden's response, he may appeal to the regional director within 20 days of the date the warden signed the response.  28 C.F.R. § 542.15(a).  If the prisoner is unsatisfied with the regional director's response, he may submit an appeal to the BOP's general counsel within 30 days of the regional director's signed response.  *Id*.  This appeal is the final level of administrative review.  *Id*.

relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006).

Petitioner maintains first that he has exhausted his administrative remedies. (ECF No. 9-1 at PageID 40.) And even if he has not exhausted his remedies, Petitioner claims that the Court should excuse his failure because "attempting to receive relief through administrative remedies is futile[.]" (*Id.*) Petitioner incorrectly argues that Blundell's declaration is inadmissible. (ECF No. 19 at PageID 123). He adds that he has done enough to exhaust his remedies, and if he has not, "excusing exhaustion is warranted[.]" (*Id.* at PageID 128.)

Respondent argues that Petitioner "did not properly appeal the denial at each level, and therefore, Petitioner has not exhausted his administrative remedies properly or given the agency the opportunity to address his issues on the merits." (ECF No. 24 at PageID 172.) Respondent asserts that exhaustion is not futile and that Petitioner should "proceed properly" through the administrative remedy process. (*Id.* at PageID 173.)

Blundell's declaration states that Petitioner has submitted a total of six administrative remedy requests or appeals, four of which address his eligibility for FSA earned time credits. (ECF No. 13-1 at PageID 80.) BOP denied Petitioner's administrative remedies at the institutional and regional levels.[5] (*Id*. at PageID 81.) Petitioner tried, but failed, to appeal his

---

[5] On October 23, 2024, Petitioner submitted a request for administrative remedy No. 1216570-F1 to the Warden at FCI Memphis. (ECF No 13-1 at PageID 81.) The Warden denied the request on November 13, 2024. (*Id.*) Petitioner appealed the Warden's denial of FSA credits, administrative remedy No. 1216570-R1, to the Regional Director for the Mid-Atlantic Regional Office on December 10, 2024. (*Id*.) Petitioner's request was rejected because it was untimely. (*Id.*) On November 19, 2024, Petitioner submitted a request for administrative remedy No. 1219877-R1 to the Regional Director for the Mid-Atlantic Regional Office. (*Id.*) The Regional Director rejected the request because Petitioner submitted the request to the wrong level, and he did not include the original request at the institutional level with the appeal. (ECF Nos. 13-1, 13-7 at PageID 80–81, 93.)

denials to the Office of General Counsel, the final level of administrative review.[6]  (*Id*.)

Although Petitioner began the administrative remedy process, he did not fully exhaust the remedies available.  The official BOP records attached to the Motion to Dismiss show that BOP denied Petitioner's claims for FSA earned time credits at the institutional and regional levels. (ECF Nos. 13-1, 13-7 at PageID 80–81, 92–94.)  Although Petitioner tried to appeal at least one of the denials to the final level of the administrative remedy process, No. 1219877-A1, the General Counsel rejected his appeal because he provided no evidence that he had followed the administrative remedy policy.  (*See* ECF No. 13-1 at PageID 81.); *see also* 28 C.F.R. § 542.15(b)(1) (requiring that "[a]ppeals to the General Counsel shall be submitted on the form designated for Central Office Appeals (BP-11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses.").

Petitioner fails to show that exhaustion of his administrative remedies would be futile here.  (*See* ECF No. 19 at PageID 129–30.)  He cites a single district court case from the Tenth Circuit to support his claim that appealing administratively is futile because the BOP consistently argues that Petitioner's offenses are violent ones.  (*Id.* at PageID 129 (citing *Danmola v. Goldey*, No. CIV-23-825-G, 2024 WL 4718913 (W.D. Okla. Sept. 18, 2024), report and recommendation adopted, No. CIV-23-825-G, 2024 WL 4715106 (W.D. Okla. Nov. 7, 2024)).  But nowhere in that decision does the district court clarify which offenses the BOP claims are violent ones.  So the Court cannot conclude that petitioner in *Danmola* is identical to Petitioner here.  And just because the BOP argues for its classification of violent offenses in federal courts does not mean that Petitioner could not convince it that *his convictions* should be classified as nonviolent

---

[6] On December 18, 2024, Petitioner appealed administrative remedy No. 1219877-A1 to the Office of General Counsel.  (*Id*.)  The General Counsel rejected his appeal because he did not provide any evidence that he had followed the administrative remedy policy. (*Id*.)

through the administrative process.

And Petitioner's citation to *Orr v. Hawk*[7] is unconvincing.  (*Id.* at PageID 130 (156 F.3d 651 (6th Cir. 1998)).)  In that case, the Sixth Circuit found that 922(g) offenses could not be considered crimes of violence by the BOP under § 3621(e)(2)(B).  But the Sixth's Circuit's reasoning in *Orr* would not prevent the BOP from applying other definitions of crimes of violence in different contexts.  *See Conley v. Healy*, No. 5:24-CV-1430, 2025 WL 1736695, at *2 (N.D. Ohio June 23, 2025) (collecting district court cases supporting BOP's inclusion of 922(g) offenses in its definition of violent crimes for purposes of PATTERN risk assessments).  And the reasoning of the Sixth Circuit, supports Petitioner's claim, making it more likely that the BOP will ultimately agree with his position and less likely that the administrative process is futile.

Because Petitioner failed to properly appeal his denials to the final level of the administrative remedy process, the Court **GRANTS** Respondent's Motion and **DISMISSES** the § 2241 Petition for failure to exhaust administrative remedies.[8]

## II.    Merits

The James Blundell declaration with the attachments shows that the calculation of Petitioner's ETC by the BOP is correct.  (ECF 13-1–7 at PageID 77–94.)  Petitioner is confusing the statutory designation of a "serious violent offense" found in 18 U.S.C. § 3559(c)(2)(F) and the list of "Violent Offense Codes" when the BOP uses its PATTERN assessment.  Petitioner challenges the BOP's labeling his offenses "Violent Offenses" when it calculates his PATTERN

---

[7] 156 F.3d 651 (6th Cir. 1998).

[8] Because the Court has dismissed the petition based on Ledvina's failure to exhaust his administrative remedies, the Court need not address Respondent's other argument that the Court should dismiss § 2241 Petition because the BOP has correctly calculated Ledvina's FSA earned time credits.  (ECF No. 13 at PageID 61.)

8

score.  But he has not shown that its use of that "Violent Offense Code" is arbitrary or capricious.  5 U.S.C. § 706(2)(A).

Because Congress specified that the BOP must calculate earned time credits when it passed the First Step Act, the BOP is doing what Congress expressly authorized it to do.  18 U.S.C. §§ 3632(a), 3624(g)(1).  In other words, this is not a *Loper Bright* issue.  *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 404 (2024) ("That is not to say that Congress . . . does not confer discretionary authority on agencies. Congress . . . often has. But to stay out of discretionary policymaking . . . judges need only . . . independently identify and respect such delegations of authority, police the outer statutory boundaries of those delegations, and ensure that agencies exercise their discretion consistent with the APA.").  That case relates to the deference courts owe to agencies under the APA when interpreting statutes.  Petitioner does not ask this Court to interpret statutory language.  He asks the Court to determine whether BOP's classification of his crimes is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

To prevail here Petitioner would have to show that the BOP's Violent Offense Code is an arbitrary or capricious list that violates the APA.  The Court finds that Petitioner has not met his burden here.  This is because possessing a firearm in violation of federal law shows poor judgment.  For the BOP to conclude that such a person is more dangerous than someone who did not possess or use a firearm does not strike this Court as an unreasonable conclusion.  And so Petitioner has not shown that the BOP's calculation of his ETC is an arbitrary or capricious decision.  As a result, his Petition would fail on the merits.

**APPELLATE ISSUES**

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997) (addressing the applicability of Rule 24(a) in the context of §§ 2254 and 2255 petitions, but with reasoning that equally applies to § 2241 petitions). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because Petitioner has failed to exhaust his administrative remedies, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal in forma pauperis.

**SO ORDERED**, this 23rd day of March, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

10